**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Hugo Alejandro Navarro-Ramirez,  Defendant. | No. CR-16-00728-001-PHX-GMS  **ORDER** |

Pending before the Court is Hugo Navarro-Ramirez's ("Defendant") Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(e) Section 404(c) (Doc. 123.) For the reasons below, Defendant's Motion is denied.

## BACKGROUND

On June 14, 2016, Defendant was indicted on one count of conspiracy to commit various firearms-related offenses, in violation of 18 U.S.C. § 371; six counts of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and (2); one count of being an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2); and one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (Doc. 3.) Defendant and the government entered into a plea agreement in which Defendant agreed to plead guilty to the conspiracy and possession of an unregistered firearm counts. (Doc. 110.) On December 13, 2017, the Court accepted the plea agreement and imposed a total sentence of eighty-

seven months in prison followed by thirty-six months of supervised release. (Doc. 111.) Defendant now asks for early release. (Doc. 123.)

## DISCUSSION

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover— one that "substantially diminishes the ability of the defendant to provide self-care within

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

"The Court 'may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."'" *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (quoting *United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH, 2020 WL 2064066, at *2 (D. Nev. Apr. 29, 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A)). "In addition, '[e]xhaustion occurs when the BOP denies a defendant's application[.]'" *Parker*, 461 F. Supp. 3d at 974 (quoting *United States v. Mondaca*, No. 89-cr-00655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020)).

Defendant does not provide any information concerning whether he exhausted administrative remedies with the warden of his facility. This alone would be grounds to deny the Motion. In addition to his apparent failure to exhaust, however, Defendant has not provided "extraordinary" or "compelling" reasons for release. Defendant argues that he should be released because he has been infected with COVID-19. (Doc. 123 at 1.) But Defendant does not provide any reason for why his infection mandates release: He does not allege that he has underlying conditions or that he is at a heightened risk of severe illness or death due to COVID-19. Without more, the Court can grant no relief.[2]

## CONCLUSION

Because Defendant has failed to exhaust administrative remedies and has not demonstrated extraordinary or compelling reasons for his release, the Court denies his Motion.

---

[2] To the extent Defendant makes other arguments in his Motion, including those regarding his co-defendants, the Court does not find these to present extraordinary or compelling reasons for release.

**IT IS HEREBY ORDERED** that Defendant's Motion Pursuant to 18 U.S.C. 3582(c)(1)(A) and 18 U.S.C. 3553(e) Section 404(c) (Doc. 123) is **DENIED** without prejudice.

Dated this 30th day of June, 2022.

_____
G. Murray Snow
Chief United States District Judge